[Cite as *State v. Wildeboer*, 2021-Ohio-3915.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-210158 |
| | | C-210159 |
| Plaintiff-Appellee, | : | TRIAL NOS. C-19TRC-42810-A |
| | | C-19TRC-42810-B |
| vs. | : | |
| NICOLE WILDEBOER, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |


Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: November 3, 2021


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Angela T. Glaser*, for Defendant-Appellant.

**Bock, Judge.**

{¶1} Defendant-appellant Nicole Wildeboer appeals her convictions for operating a motor vehicle while under the influence of alcohol ("OVI") under R.C. 4511.19(A)(1)(a) and operating a vehicle without reasonable control under R.C. 4511.202. Wildeboer asserts that there was insufficient evidence to show that she operated the motor vehicle and that the judgments were against the manifest weight of the evidence. For the following reasons, we affirm the trial court's judgments.

## I.     Facts and Procedure

{¶2} On Thanksgiving night in 2019, Wildeboer picked up Patrick Stone and drove them to the first of several bars that the pair visited that night. The pair's last stop was at Village Tavern in Montgomery. After the pair left Village Tavern, they were involved in a car crash that ended with Wildeboer's car flipped onto its side. Police arrested Wildeboer. The court held a bench trial in December 2020.

### A.     Richard Ingle's Testimony

{¶3} Richard L. Ingle, Jr., was at an ATM across the street from a Cadillac dealership when he "heard tires squealing and the crunch of a crash." He turned around and saw a white vehicle flipped onto its driver's side in the dealership's parking lot. Ingle called 911, got into his vehicle, and drove across the street to the crash. Police responded minutes later.

{¶4} Ingle testified that, as he approached the vehicle, he saw a female's legs hanging from underneath the driver's side of the vehicle. Ingle told the 911 operator that Wildeboer was driving because he saw her "climbing out of the driver's side window." Ingle saw the other occupant, Patrick Stone, climb out of the passenger

side. Wildeboer's legs disappeared from underneath the vehicle as Stone began to pull her out of the vehicle from the passenger's side.

{¶5} Ingle stated that he did not witness the crash and that Stone appeared to be inebriated. He further testified that Stone had helped Wildeboer out of the car because Stone was already "at the top" of the vehicle.

### B. Katherine Asbrock's Testimony

{¶6} Officer Katherine Asbrock[1] responded to the crash. When she arrived at the scene, she saw Wildeboer and Stone talking to the medics, another male in a parking lot nearby, and a Jeep turned onto its side. When Asbrock encountered Wildeboer, who appeared "intoxicated and upset," Wildeboer told her that she had been driving the car, but Wildeboer quickly stopped talking. Wildeboer's admission was captured on Asbrock's cruiser footage ("MVR"). Asbrock observed that Wildeboer smelled "very strong[ly]" of alcohol, that the "entire medic smelled of it," that Wildeboer's eyes were "bloodshot and glossy," that her speech was slurred such that it was "very difficult to understand her," and that she was acting "hysterically" by crying and screaming.

{¶7} Asbrock testified that Wildeboer had sustained no injuries from the crash, but was transported to the hospital after she fell in the temporary holding cell at the police station. Asbrock further testified that, in her presence, Wildeboer indicated to a nurse at the hospital that she was intoxicated and said that she "just made a bad decision that night, that she's a good person."

{¶8} Asbrock testified that Stone also appeared to be intoxicated, but, in her experience, drivers in OVI cases are "typically more upset than passengers."

---

[1] Asbrock's surname was Tolle at the time of the crash.

{¶9} On cross-examination, Asbrock conceded that her accident report reflects that, when she asked Wildeboer from where she had been driving, Wildeboer stated that she had not been driving. Asbrock also said that Wildeboer told her that she did not know how she got to the crash site. The trial court admitted audio and video of the officers' interviews of Ingle, Stone, and Wildeboer.

### C. Nicole Widleboer's Testimony

{¶10} Wildeboer asserted that Stone had been driving her car. She testified that Stone had overcorrected during a turn, causing the crash. She said that after the crash, Stone unbuckled her seat belt, causing her to fall on top of him in the driver's seat. Stone "kind of like bypassed" her, "push[ing] [her] further down toward the ground because the car was * * * on the * * * broken window" and he climbed out of the passenger side. Wildeboer stated that she was sitting on glass and she tried to get out of the driver's side legs first, but Stone helped her out of the passenger side.

{¶11} She played video footage and showed still photographs around Village Tavern. Wildeboer identified herself as being the person wearing a coat and asserted that the video and photographs showed that she was seated in the passenger seat and Stone was driving.

{¶12} On cross-examination, Wildeboer conceded that the photographs and video were blurry, but asserted that they reflected that she was wearing the coat that was pictured in the passenger-side seat. Wildeboer admitted that she had been wearing a black dress and that the driver in the video was wearing dark clothing. She also stated that the two people shown standing outside of Village Tavern were wearing jackets. Wildeboer further admitted that she was "highly inebriated," she

4

blacked out after the crash, she did not know how she got to the crash site, and she did not tell the police that Stone had been driving.

{¶13} The trial court found Wildeboer guilty of both charges.

## II.   Assignments of Error

### A.   Sufficiency of Evidence

{¶14} The test for determining the sufficiency of the evidence is whether "after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt." *State v. MacDonald*, 1st Dist. Hamilton No. C-180310, 2019-Ohio-3595, ¶ 12, quoting *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983). Sufficiency is a question of law. *MacDonald* at ¶ 12.

{¶15} Wildeboer was convicted of OVI under R.C. 4511.19(A)(1)(a): "No person shall operate any vehicle * * * within this state, if, at the time of the operation the person is under the influence of alcohol * * *." She was also convicted of operating a vehicle without reasonable control under R.C. 4511.202: "No person shall operate a motor vehicle * * * on any street * * * open to the public for vehicular traffic without being in reasonable control of the vehicle * * *."

{¶16} Wildeboer appears to dispute only one element of both offenses: that she was the person operating the vehicle.

{¶17} Ingle came on the scene after hearing the crash. He saw Wildeboer's legs hanging out of the driver's side and Stone climbing out of the passenger side. Ingle also witnessed Stone pull Wildeboer out of the passenger side of the vehicle. Before backtracking, Wildeboer initially told Asbrock that she had been driving. Her

5

admission was captured on the MVR audio. At the hospital emergency room, Asbrock was in the exam room when Wildeboer told a nurse that she had "made a bad decision that night." And the video footage and still photographs that Wildeboer submitted are extremely blurry and do not show who is sitting on either side of the vehicle.

{¶18} The evidence was sufficient to support all of the necessary elements of R.C. 4511.19(A)(1)(a). Wildeboer's first assignment of error is overruled.

### B. Weight of the Evidence

{¶19} In reviewing a weight-of-the-evidence claim, this court must review "the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 59, quoting *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).

{¶20} In reviewing a challenge to the weight of the evidence, this court sits as a "thirteenth juror." *State v. Curry*, 1st Dist. Hamilton No. C-180493, 2020-Ohio-1230, ¶ 17, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). But the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *Bailey* at ¶ 63. This court will not substitute its judgment for that of the trier of fact on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict. *Id.*

{¶21} Ingle's testimony that he saw a female's legs protruding from the driver's side of the vehicle, that he witnessed Stone climb out of the passenger side of

6

the vehicle, and that Stone pulled Wildeboer out of the passenger side was credible. Wildeboer initially told the officer that she had been driving, which was captured on the MVR audio. At the hospital, Wildeboer—in Officer Asbrook's presence—referred to how intoxicated she was and that she had made a mistake. This is not one of those rare cases in which the trial court lost its way. Wildeboer's second assignment of error is overruled.

### III.    Conclusion

{¶22} The trial court's judgments were supported by sufficient evidence. Based on the witness seeing Wildeboer trying to get out of the driver's side of the overturned vehicle, her admission to the officer that she was driving, her admission to a nurse that she had made a mistake, and her admission that she was intoxicated, a reasonable person could have found that the state proved beyond a reasonable doubt that Wildeboer operated her vehicle while under the influence of alcohol. Moreover, the trial court did not lose its way in finding Wildeboer guilty. We affirm the trial court's judgments.

Judgments affirmed.

**ZAYAS, P.J.,** and **MYERS, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion

7